**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Richard John Ichihara,
Plaintiff
-vs-
Dennis Smith, et al.,
Defendants.

CV-13-1200-PHX-ROS (JFM)

**Order and**
**Report and Recommendation**

# BACKGROUND

**Nature of Suit** - On August 28, 2012, the FBI arrested Defendant Carl David Evans (Evans), a former Cook Foreman at FCI-Phoenix, for having engaged in sexual activity with Plaintiff and another inmate, and for introducing contraband into the prison.

Plaintiff has sued Evans in his personal capacity, claiming Evans violated Plaintiff's Eighth Amendment rights by sexually abusing him. Evans has been served, but failed to respond. Default judgment has been granted, subject to a calculation of damages upon resolution of the remaining claims.

Plaintiff has also sued nine other current and former employees of the Federal Bureau of Prisons (the BOP Defendants).

Plaintiff alleges Defendants Frank Jacobs, John Dubsky, Kennith Scheller, Stephanie Gardea, and Judy Benjamin, all of whom worked in the Food Service Department, violated his Eighth Amendment rights by failing to protect him from Evans; that they knew of facts from which they must have drawn the inference that Plaintiff was at risk of harm by Evans; and that they knowingly disregarded the risk.

Plaintiff alleges that Defendants Dennis Smith, Duane Gifford, Luis Roman and John Feeney, all of whom held supervisory/investigative positions at FCI-Phoenix, violated his Eighth Amendment rights by failing to protect him from Evans; that they

1

had prior knowledge of sexual abuse and failed to act; and that they failed to adequately train, supervise or discipline unnamed staff.

**Pending Dispositive Motion** - Defendants filed a Motion to Dismiss/Motion for Summary Judgment (Doc. 41) on September 15, 2014.  The Court set a response deadline for November 13, 2014.  (Order 9/17/14, Doc. 44.)

On October 29, 2014, Plaintiff filed his **first Motion to Extend** (Doc. 50) seeking a 40 day extension based on his pro se status, etc.  The Motion was granted only in small part (finding that those factors were accounted for in the original schedule), giving him through November 17, 2014.  (Order 10/31/14, Doc. 51.)

On November 14, 2014, Plaintiff filed a **second Motion to Extend** (Doc. 52), seeking an indeterminate extension based on his being in transit to Guam for post-conviction proceedings.  The motion was granted, and Plaintiff was given through December 5, 2014 to respond.  (Order 11/17/14, Doc. 54.) In addition, Defendants' deadline to depose Plaintiff was vacated, to be reset upon Plaintiff's return to Arizona.

On December 8, 2014, Plaintiff filed his **third Motion to Extend** (Doc. 57), based upon his being in Guam, and that he was still "awaiting his property."  Plaintiff was granted through January 5, 2015 to respond, but was "cautioned that in light of the age of the motion, the time previously allotted, further extensions are unlikely to be granted."  In addition, Plaintiff was ordered to "file a notice advising of the Court of his expected time of return to the custody of the Bureau of Prisons."  (Order 12/11/14, Doc. 58.)

On December 16, 2014, the Court granted Defendants' motion (Doc. 59) and vacated the remaining deadlines based on Plaintiff's absence.  (Order 12/19/14, Doc. 60.)

On January 5, 2015, a **fourth Motion to Extend** (Doc. 61) was filed in Plaintiff's name, arguing that BOP staff "refused to permit plaintiff to travel with his court legal documents, exhibits, and evidentiary items" and "packed all plaintiffs legal materials in the storage" at FCI Tucson.  The motion also argued that "Guam's Department of Corrections does not subscribe or provide federal case authority in any form."   The

2

Court observed that Plaintiff had failed to provide the required notice of his expected return, and the motion failed to address the time of his return, and the motion was denied without prejudice. Plaintiff was given 7 days to provide the required notice regarding his expected return. (Order 1/6/15, Doc. 62.)

On January 27, 2015, a **Motion for Clarification and fifth Motion to Extend** (Doc. 65) was filed in Plaintiff's name. The Motion reported that Plaintiff had court dates set in Guam for February 13 and March 2, 2015. The motion sought a 90 day extension of time to respond to the dispositive motion.

In the meantime, on January 26, 2015, the Court issued an Order to Show Cause (Doc. 63) regarding Plaintiff's failure to provide the required notice. On February 20, 2015, a Response (Doc. 67) was filed in Plaintiff's name, arguing his court dates were being moved and he had no way of knowing when he would be returned. The response further argued that it was taking 14-21 days for mail to reach Plaintiff. The attached certificate of service related that the filing was "provided to a friend to fly to USA and mail."

**<u>Motion for Status Conference</u>** - Defendants filed a Motion for Status Conference (Doc. 66) and a Supplement (Doc. 70), arguing that Documents 61, 65, and 67 had not been authored or signed by Plaintiff, but by Mr. Burnam, the plaintiff in a related suit, *Burnam v. Smith, et al.*, CV-13-1804-PHX-ROS-MHB. The assert Mr. Burnam is currently incarcerated in California, where at least some of filings had originated. The Court set a conference to address those allegations and related concerns under Federal Rule of Civil Procedure 11, as well as the delays in Plaintiff responding to the pending Motion to Dismiss/Motion for Summary Judgment (Doc. 41) and the Order to Show Cause. (*See* Order 2/27/15, Doc. 69.)

Defendants seek the following orders: "(1) striking all questioned filings in this case (Docs. 61, 65 and 67); (2) expressly warning that such filings in the future may result in dismissal or other severe sanctions; (3) enjoining the non-party writer from further interfering in this case by filing false documents and/or engaging in the

unauthorized practice of law; and (4) issuing such other relief as the Court deems just and appropriate." (Supplement, Doc. 70 at 3.)

## NON-DISPOSITIVE MATTERS

**<u>Unauthorized Filings</u>** - At the hearing, Plaintiff disavowed authoring, signing, or authorizing the filing of the following papers which had been filed in his name: (1) Motion to Extend Time to Properly Respond, filed January 5, 2015 (Doc. 61); (2) Motion for Clarification/ Motion for Extension of Time, filed January 27, 2015 (Doc. 65); and (3) Response to Order to Show Cause, filed February 20, 2015 (Doc. 67).

> THE COURT: All right. And as to those documents that were referred to, 61, 65, and 67, those filings, did you not know that those were filed?
> MR. ICHIHARA: I did not file those documents.
> THE COURT: All right. Who filed those documents?
> MR. ICHIHARA: I mean, counsel said it was Kenneth Burnam.
> THE COURT: I'm sorry. Say again, Mr. Ichihara?
> MR. ICHIHARA: Counsel just said -- Counsel Kozinets said it was Kenneth Burnam.
> THE COURT: Well, are you telling -- hold on just a moment, Mr. Ishihara.
> MR. ICHIHARA: Okay.
> THE COURT: Are you saying that you had no knowledge, no control, no direction over those documents, those filings?
> MR. ICHIHARA: I had no control over those filings of those documents.
> * * * *
> THE COURT: . . . Have you had any interaction with this individual, this Mr. Burnam in any way relating to your case?
> MR. ICHIHARA: Have I had any interactions?
> THE COURT: Yes.
> MR. ICHIHARA: I've -- in any way? Mr. Burnam has communicated with me but I have not communicated with him to do my filings or anything like that.
> THE COURT: All right. So to your knowledge, then, any filings that were made in your case that purport to bear your signature such as the ones we've been discussing, that those were filed completely without your authorization, approval, or knowledge?
> MR. ICHIHARA: Correct. And, Your Honor, Mr. Kozinets, if there can be also a joint to stop this.

(R.T. 3/20/15, Doc. 75 at 15-17.)

Thus, the parties are in agreement that Plaintiff neither authored nor signed these

4

filings. (Plaintiff proffered nothing to refute the allegation that Mr. Burnam authored them. But determining the true author is not necessary to the action the Court takes herein.)

To show that Plaintiff authorized them (and thus should be bound by them), Defendants have pointed to information contained within those filings that would require knowledge of this case and Plaintiff's circumstances. Plaintiff admitted discussing the case with Mr. Burnam, but steadfastly denied authorizing the filings.

Still, Plaintiff admitted he was aware of them.

> MR. ICHIHARA: Okay.
> So I did file a motion, I think it was March 11 is what I have here, all written out in regards to the documents that were filed, 61, 65, and I was made aware of these filings by the return stamped filed copies of the clerk of Court in regard to those filings.

(R.T. 3/20/15, Doc. 75 at 14-15.) Nonetheless, Plaintiff proffered no explanation for his failure to raise the alarm when the Court issued orders on the basis of those filings. Nonetheless, the Court finds insufficient evidence was presented in the hearing to make a finding of Plaintiff's authorization of the filings.

Thus, the Court is left with a series of filings which have been rejected by Plaintiff as having been filed by him. Accordingly, the Court will strike those filings (Docs. 61, 65, 67).

In addition, the Court has entered an Order which was, in part, a ruling on the first filing (Doc. 61). (*See* Order 1/6/15, Doc. 62.) That portion of the Order will be vacated.

**WARNING:** Further, the Court hereby cautions the author of the stricken filings that such conduct (past or future) may result in the filer facing civil and/or criminal sanctions, including contempt of court, practicing law without a license, sanctions for unauthorized practice as an attorney before this court, fraud, etc.

**Pending Dispositive Motion** – With those filings and order vacated, the Court is left with a dispositive motion (Doc. 41) with a response deadline of January 5, 2015, no response from Plaintiff, and no timely motion to extend.

When pressed in the hearing, Plaintiff proffered no explanation for his failure to

seek a timely extension. At best, Plaintiff contended that he had not sooner responded to the dispositive motion because he had only recently received documents necessary to his response that he had mailed to his family in 2014. (Plaintiff was unclear whether he had mailed them in March or October.)

Accordingly, the Court finds that the response is overdue. Plaintiff was cautioned in the original scheduling Order on the motion: "The Court may, in its discretion, treat your failure to respond to the Motion as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action with prejudice pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure." (Order 9/17/14, Doc. 44.)

In the Order filed December 11, 2014 (Doc. 44) granting Plaintiff's earlier Motion to Extend (Doc. 57), the Court cautioned Plaintiff that in light of the age of the motion, and the time previously allotted, further extensions were unlikely to be granted.

Despite those warnings, Plaintiff has taken no action to seek an extension of the January 5, 2015 deadline. Even if believed (which as discussed hereinafter, the Court does not), Plaintiff's complaints at the recent hearing about not having his paperwork or access to legal research while in Guam would not explain his failure to timely seek an extension of the deadline. Plaintiff's Motion to Extend filed December 8, 2014 (Doc. 57) was filed under the same conditions.

Based upon the foregoing, no response to the Motion to Dismiss / Motion for Summary Judgment will be allowed.

Moreover, a recommendation will be made that Plaintiff's failure to respond be deemed a consent to a granting of the motion, pursuant to Local Civil Rule 7.2(i).

### DISPOSITIVE MATTERS

**<u>Failure to Prosecute</u>** − Plaintiff has failed to respond to a pending dispositive motion for over three months after the expiration of the deadline. Further, Plaintiff has failed to a respond to the Court's Order (Doc. 58) directing the filing of a notice with an expected date of return from Guam, and has failed to respond to an Order to Show Cause

(Doc. 63) directing him to show cause for his failure to respond to the earlier order.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." The Service Order cautioned Plaintiff: "If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik* 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court)." (Order 3/25/14, Doc. 10 at 8.) The Order to Show Cause, filed January 26, 2015 warned:

> Plaintiff has repeatedly failed to comply with the Court's orders, and has failed to prosecute this case. Plaintiff will be directed to show cause why this case should not be dismissed. *See* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (authority of a court to dismiss sua sponte under Rule 41(b) for lack of prosecution); and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

(Order, Doc. 64 at 1.)

The only response (Doc. 67) to these Orders (Docs. 58 and 63) has been disavowed by Plaintiff and stricken in this Order.

*In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

7

of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to respond to the pending dispositive motion, failure to respond to the Court's order to provide notice of his anticipated return, and failure to respond to the Order to Show Cause all work against an expeditious resolution, the Court's ability to control its docket, and have so delayed these proceedings as to cause prejudice to Defendants.

The fourth factor, as always, weighs against dismissal.

The fifth factor requires the Court to consider whether a less drastic alternative is available. Here, Plaintiff has demonstrated a willingness to allow this case to linger unattended, months at a time, even in the face of threatened dismissal. Thus, it appears unlikely that other remedies short of dismissal will be efficacious.

A dismissal without prejudice will likely be effectively one with prejudice, given the elapse of time since the events alleged in the Complaint, which purportedly occurred in August, 2012 and earlier. Thus, a dismissal without prejudice would not effectively be a less drastic alternative.

Moreover, in light of Plaintiff's conduct, dismissal with prejudice is an appropriate response to Plaintiff's conduct. "Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996). As discussed hereinafter, the Court finds that Plaintiff has willfully failed to respond to the pending dispositive motion and this Court's orders. Moreover, Plaintiff has acknowledged sitting

by silently while some third party has perpetrated a fraud on this Court by filing things in Plaintiff's name.

Accordingly, the undersigned will recommend the dismissal of this action with prejudice.

**Dispositive Motion** – Plaintiff has failed to respond to the Motion to Dismiss/Motion for Summary Judgment filed by Defendants Smith, *et al.* (Doc. 41). The motion has been pending since September 15, 2014 (Doc. 41). Plaintiff has twice received extensions of time to respond. (*See* Order 10/31/14, Doc. 51; Order 12/11/14, Doc. 58.) Plaintiff has not sought further extensions.

Local Civil Rule 7.2(i) provides that "if the unrepresented party…does not serve and file the required answering memoranda…such non-compliance *may* be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." (Emphasis added.)

> A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.

*Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994). Here, given Plaintiff's prolonged and willful failure to respond to the motion, the undersigned concludes that the Court should exercise its discretion to deem the failure to respond a consent to the granting of the motion.

At the hearing, Plaintiff asserted as a basis for his failure to respond the issues raised in the various filings he has disavowed (Docs. 61, 65, and 67), which are disputed in Defendants' Motion for Status Conference (Doc. 66) and Supplement (Doc. 70). The undersigned found Plaintiff to lack credibility in his testimony. Plaintiff's demeanor as reflected by his voice and words, and his ultimate refusal to address the Court's impression that he had simply allowed the case to go unattended, all indicate that Plaintiff's original protestations of restrictions on his inability to respond to the

dispositive motion sooner were lacking in credibility.

<u>Access to Legal Research</u> – Defendants have presented a Declaration from the Guam Department of Corrections law librarian that Plaintiff has had and has utilized access to legal research while incarcerated in Guam. (Supplement, Doc. 70 at Attachment 3, Dahill Declaration.) At the hearing, although complaining about he burdensome procedures for research, Plaintiff made no allegation that any delay was related to his lack of access to legal research.

> MR. ICHIHARA: … And, you know, as far as having access to a legal law library, where I am located there, is no legal law library. The legal library is located in another facility, which is in another village, and that has -- that coordination, I have been asking for coordination on that. I submitted a remedy request for that and I have not had a response for it yet. But the Government (inaudible) down here has recently – is coordinating that so I can get these responses out. And it wasn't until yesterday where that was -- where I was allowed that opportunity.
> THE COURT: Are you saying that yesterday was the first time that you were given the opportunity to do legal research?
> MR. ICHIHARA: It wasn't legal research because I'm -- prior to leaving, I was just finalizing what it is that I had to do. And it wasn't until March 7 where I was allowed to get my legal work in. Now I am just completing whatever it is I was finishing up in Tucson. And, basically, I am just retyping my response and then I'm going to submit that. That was it. And that is as far as legal research, I've done all of that in Tucson prior to coming out.

(R.T. 3/20/15, Doc. 75 at 17.)

Indeed, Plaintiff has never before asserted he lacked access to legal research. (This issue was only raised in the filings Plaintiff has disavowed and at the hearing.) Moreover, nothing in the librarian's affidavit would support a contention that Plaintiff was unable to conduct research to respond to the motion. Further, Plaintiff proffered nothing to suggest that he had sought out such assistance until March 7, long after the expiration of the deadline for a response.

<u>Access to Legal Materials</u> – Defendants have also presented a Declaration from an office at FCI-Tucson showing that Plaintiff neither stored in FCI-Tucson nor took with him to Guam any legal files or materials. (Supplement, Doc. 70 at Attachment 2, Jackson Declaration.) At the hearing, Plaintiff did not deny these assertions, but instead

asserted that he had mailed his legal materials to his family In October while in Tucson, and his son only recently delivered them to him on March 7, 2015.

The Court finds Plaintiff's assertion to lack credibility. Plaintiff proffered no explanation why it took over four months for his papers to be delivered by his family, nor why he had not previously alerted the Court to his lack of access to these materials. Nor did he proffer any details as to show that he was dependent upon the materials recently obtained to respond to the Court's Order or the dispositive motion..

As to the former, all Plaintiff was required to do was to report to the Court his best estimate when he expected to be returned from Guam. That required, at most, information he possessed about the status of the Guam proceedings, and presumably readily available to him from his attorneys or the Court in that proceeding. Certainly, such information would not have been mailed by him to family while he was still in Arizona.

As to the latter, the dispositive motion is founded upon a failure to exhaust administrative remedies, and failure to state a claim and a claim of qualified immunity (all of which essentially presume the facts alleged by Plaintiff). Plaintiff fails to suggest what documents he lacked which were necessary to him addressing these issues. Moreover, most of them require little factual argument, but primarily legal argument.

Rather, Plaintiff's testimony at the hearing suggested that what he had recently obtained had been a draft response to the dispositive motion. Plaintiff proffers no reason why he could not have redrafted a response in the intervening four months.

Accordingly, the undersigned finds that Plaintiff has not been prevented from responding to the pending dispositive motion by the circumstances resulting from his transfer to Guam, but that he has willingly chosen to ignore the expiring and expired deadlines to respond (as well as the Court's orders). Therefore, the undersigned will recommend that Plaintiff's failure to respond be deemed a consent to the granting of the Motion to Dismiss / Motion for Summary Judgment, and that the motion be summarily granted.

**Injunction Against Interloper** – Defendants Smith *et al.* have requested an injunction against the author of the stricken filings (Docs. 61, 65, and 67) from making further such filings. And, Defendants point to Mr. Burnam as the author.

If this matter were expected to be ongoing, the undersigned might be inclined to recommend the pursuit of that request. However, Mr. Burnam has not been heard on this matter, and the dismissal of this action (whether for failure to prosecute, or by way grant of the pending dispositive motion), would render the matter moot insofar as it relates to this proceeding.

Moreover, if the Court were to determine that Mr. Burnam was not the author, the resolution of that request would necessitate an investigation on that issue.

Accordingly, the undersigned will conditionally recommend that this request for injunctive relief be denied as moot. Nonetheless, for whatever prophylactic effect it may have, the undersigned will direct that a copy of this Order be transmitted to Mr. Burnam.

## ORDERS ON NON-DISPOSITIVE MATTERS

**IT IS THEREFORE ORDERED** that Defendants Smith, *et al.*'s Motion for Status Conference (Docs. 66, 70) is **GRANTED** to the extent that Plaintiff's offending filings will, hereinafter, be stricken, and that the requested warning has been given herein.

**IT IS FURTHER ORDERED** that the following filings shall be **STRICKEN**: (1) Motion to Extend Time to Properly Respond, filed January 5, 2015 (Doc. 61); (2) Motion for Clarification/ Motion for Extension of Time, filed January 27, 2015 (Doc. 65); and (3) Response to Order to Show Cause, filed February 20, 2015 (Doc. 67).

**IT IS FURTHER ORDERED** that the portion of the Court's Order filed January 6, 2015 (Doc. 62) granting Plaintiff an extension of time to respond to Defendants Smith, *et al.*'s Motion to Dismiss / Motion for Summary Judgment (Doc. 41) is **VACATED NUNC PRO TUNC**.

**IT IS FURTHER ORDERED** that no timely response or motion to extend

having been filed, and no excusable neglect having been proffered, no response to Defendants Smith, *et al.*'s Motion to Dismiss / Motion for Summary Judgment (Doc. 41) will be permitted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transmit a copy of this Order to Plaintiff Burnam in *Burnam v. Smith, et al.*, CV-13-1804-PHX-ROS-MHB.

### RECOMMENDATIONS ON DISPOSITIVE MATTERS

**IT IS THEREFORE RECOMMENDED** that in light of Plaintiff's willful failure to prosecute this action, that this case be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's failure to respond to Defendants Smith, *et al.*'s Motion to Dismiss / Motion for Summary Judgment (Doc. 41) be deemed a consent to the granting of such motion, and that the motion be summarily granted.

**IT IS FURTHER RECOMMENDED** that Defendant Smith *et al.'s* Motion for Status Conference (Docs. 66, 70) be **DENIED** to the extent that it seeks injunctive relief against the filer of Documents 61, 65 and 67.

### EFFECT OF RECOMMENDATION

The foregoing recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be

considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: March 23, 2015

James F. Metcalf
United States Magistrate Judge

13-1200o Order 15 03 18 re Strike Filings.docx